IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Matthew Tyler Blackwell, | ) | C/A No.: 1:24-7307-RMG-SVH |
| | ) | |
|                 Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| Warden of Lee Correctional Institution, | ) | |
| | ) | |
| | ) | |
|                 Respondent. | ) | |
| | ) | |

Matthew Tyler Blackwell ("Petitioner") is incarcerated in the South Carolina Department of Corrections at Lee Correctional Institution. Proceeding pro se, Petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's return and motion for summary judgment. [ECF Nos. 20, 21]. The motion is fully briefed [ECF Nos. 24, 25] and ripe for disposition.

Having carefully considered the parties' submissions and the record in this case, the undersigned recommends the court grant Respondent's motion for summary judgment.

1

I.  Factual and Procedural Background

In 2015, Petitioner was indicted by the Spartanburg County Grand Jury for murder, possession of a weapon during a violent crime, two counts of attempted murder, trafficking in methamphetamine first offense, and distribution of methamphetamine within one-half mile of a school (19-GS-42-4607–11). [ECF No. 20-1 at 108–19].

Petitioner was represented by William "Bill" J. Nowicki, Esquire ("Nowicki"). [ECF No. 20-1 at 1]. On August 27, 2021, Petitioner pled guilty as indicted before the Honorable Grace Gilchrist Knie, Circuit Court Judge ("plea judge"). *See id.* at 1–35. Petitioner negotiated a maximum sentence on the two attempted murders of 30 years, 10 years on the trafficking, and 5 years on the weapon charge, all to run concurrent. *See id.* There was a negotiated "cap" of 40 years on the murder indictment to also run concurrent with the other indictments. *See id.* As part of the negotiated plea, the State dismissed the remaining charge. *See id.* The plea judge accepted the pleas of guilty and on the same date, August 27, 2021, sentenced Petitioner to 38 years for murder and concurrent sentences on all other indictments for an aggregate sentence of 38 years in keeping with the negotiated plea. *See id.* Petitioner did not file a direct appeal.

Petitioner filed a post-conviction relief ("PCR") application on June 21, 2022. *Id.* at 37. Petitioner was represented by Rodney Richie, Esquire. *Id.* at

2

62. A PCR hearing was held October 17, 2022, at the Spartanburg County Courthouse. *Id.* at 61–89. At the PCR hearing, Petitioner alleged a violation of S.C. Code Ann. § 14-5-710(2).[1] *See id.* The State was represented by Assistant Attorney General Chelsey Marto. *See id.*

At the hearing, Petitioner and Nowicki testified. *See id.* At the conclusion of the PCR hearing, the PCR court, the Honorable Brian M. Gibbons, Circuit Court Judge, denied Petitioner relief, stating in relevant part as follows:

> All right. Well, I'm . . . on this matter of term, August 27, 2021, and Judge Knie had been granted jurisdiction by Court Administration by the Supreme Court to hold General Sessions, non-jury court, so that allegation is—denied. And for that reason—so she did properly exercise jurisdiction to hear this plea.

*Id.* at 88. The PCR court also found the remaining grounds to be without merit as stated in the State's return and the evidence offered by Petitioner

---

[1] S.C. Code Ann. § 14-5-710(2) provides in full as follows:
Spartanburg County.-The court of common pleas for Spartanburg County shall be held at Spartanburg on the fourth Monday in January for three weeks, on the fourth Monday of March for four weeks, on the fourth Monday of May for three weeks, on the third Monday of July for one week (other than for jury trials), and on the fourth Monday of September for three weeks. The court of general sessions for Spartanburg County shall be held at Spartanburg on the second Monday of January for two weeks, on the fourth Monday of February for one week, on the fourth Monday after the fourth Monday of March for one week, on the third Monday after the fourth Monday of May for one week, and on the third Monday after the fourth Monday of September for three weeks.

was not credible. *Id.* The PCR court denied Petitioner's application by order of dismissal on December 16, 2022. *Id.* at 91–107. In this order, the PCR court did not address Plaintiff's S.C. Code Ann. § 14-5-710 challenge and instead addressed a separate subject matter jurisdiction as follows:

> Applicant is alleging he is entitled to PCR relief because there were flaws in the indictment process, as it pertains to the date of the indictment sheet and the court calendar not lining up. Challenges to the indictment must be raised before a jury is sworn in. S.C. Code Ann. § 17-19-90 (2003). If non-jurisdictional defects apparent on the face of the document are not raised before then, they are waived. Sufficiency of indictment is found when the offense is stated with enough specificity that the court knows what judgement to announce and the defendant knows what he has to answer to and whether he can plead acquittal or conviction upon it and whether it apprises defendant of offense that is intended to be charged.
>
> This court finds that Applicant was properly indicted, and the General Sessions . . . had subject matter jurisdiction over his criminal case. Accordingly, this allegation is dismissed and relief is denied.

*Id.* at 106–107 (citations omitted). Petitioner did not file a motion to alter or amend pursuant to Rule 59(e), SCRCP.

Petitioner appealed the denial of his PCR application via *Johnson* petition,[2] raising the following issue:

> Trial counsel erred in failing to conduct adequate investigations on petitioner's behalf with respect to the gun related charges in order to develop an alibi defense in the case.

---

[2] A *Johnson* petition effectively concedes the appeal lacks a meritorious claim. *See Johnson v. State*, 364 S.E.2d 201 (S.C. 1988).

[ECF No. 20-2]. Petitioner was represented by Wanda H. Carter, Esquire. *See id.* Petitioner filed a pro se response or petition, arguing again that S.C. Code Ann. § 14-5-710(2) had been violated in that his sentencing was not conducted during one of the terms of General Sessions Court provided in the statute. [ECF No. 20-3].

The South Carolina Supreme Court transferred the appeal to the South Carolina Court of Appeals ("Court of Appeals"). [ECF No. 20-4]. On November 20, 2024, the Court of Appeals issued an order denying Petitioner relief. [ECF No. 20-5]. The remittitur was issued on December 9, 2024, and filed on December 13, 2024. [ECF No. 20-6]. This petition followed on the same date, December 13, 2024. [*See* ECF No. 1].

II.  Discussion

    A.  Federal Habeas Issues

Petitioner raises the following ground in his federal habeas petition:

**Ground One:**  Violation of Statute 14-5-710 Section (2) Terms of Court

> **Supporting Facts:** I was taken to court an[d] sentenced on August 27th, 2021. My lawyer an[d] I were the only one that attended General Sessions Court that day. At my post conviction hearing during the cross-examination of my original lawyer Mr. Nowicki he denied having memory of the details of my day of sentencing.

[ECF No. 1 at 5].

    B.  Standard for Summary Judgment

5

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255. However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e).

C. Habeas Corpus Standard of Review

1. Generally

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

  2. Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in

7

custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

      a.    Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>     (A)    the applicant has exhausted the remedies available in the courts of the State; or
>
>     (B)    (i) there is an absence of available State corrective process; or
>
>             (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the

8

> applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina

9

Supreme Court. *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[3] Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

The United States Supreme Court has held that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"—which includes "petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This opportunity must be given by fairly presenting to the state court "both the operative facts and the controlling legal principles" associated with each claim. *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citing *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) (internal quotation marks omitted)). That is to say, the ground must "be presented face-up and squarely." *Mallory v. Smith*, 27 F.3d 991, 995 (4th

---

[3] In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007, decision in *Marlar*, South Carolina courts had not been uniformly and strictly enforcing the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

Cir. 1994) (citation and internal quotation marks omitted).

The South Carolina Supreme Court has held that the presentation of claims to the state court of appeals without more is sufficient to exhaust state remedies for federal habeas corpus review. *State v. McKennedy*, 559 S.E.2d 850 (S.C. 2002); *see also In re Exhaustion of State Remedies in Criminal and Post–Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990). The *McKennedy* court held that *In re Exhaustion* had placed discretionary review by the South Carolina Supreme Court "outside of South Carolina's ordinary appellate review procedure pursuant to *O'Sullivan*." 559 S.E.2d at 854. As such, it is an "extraordinary" remedy under *O'Sullivan*, "technically available to the litigant but not required to be exhausted," *Adams v. Holland*, 330 F.3d 398, 403 (6th Cir. 2003).

Because the South Carolina Supreme Court has held that presentation of certain claims to the Court of Appeals without more is sufficient to exhaust state remedies, a claim is not procedurally barred from review in this court for failure to pursue review in the South Carolina Supreme Court after an adverse decision in the Court of Appeals.

        b.    Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate

11

time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from

12

the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986), *superseded by statute on other grounds* (AEDPA).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Matthews v. Evatt*, 105 F.3d at 915 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

      3.    Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the state courts in limited circumstances in which a petitioner shows sufficient cause for failure

13

to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

    4.    Ineffective Assistance of Counsel Standard

Generally, to prevail on an ineffective-assistance-of-counsel claim, a petitioner must show (1) that trial counsel's performance fell below an objective standard of reasonableness and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The court must apply a "strong presumption" that trial counsel's representation fell within the "wide range of reasonable professional assistance," and the errors must be "so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Harrington v. Richter*,

14

562 U.S. 86, 104 (2011). This is a high standard that requires a habeas petitioner to show that counsel's errors deprived him "of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687.

D.   Analysis

Respondent concedes that Petitioner is not time barred by the AEDPA statue of limitations. [*See* ECF No. 20 at 7]. However, Respondent argues that Petitioner procedurally defaulted his federal habeas claim in state court and as a result it is procedurally barred on federal habeas review. *Id.* at 8.

The court need not resolve this issue where Petitioner's claim is not cognizable on federal habeas review. Petitioner raises a violation of a state statute, S.C. Code Ann. Section 14-5-710(2), arguing further that the state court lacked jurisdiction to accept his plea and sentence him because allegedly his plea and sentencing did not occur during a term of General Sessions Court set forth in Section 14-5-710(1). This is peculiarly a matter of state law and not cognizable on federal habeas review. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

As the Fourth Circuit has held "a '[d]etermination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary.'" *Wright v. Angelone*, 151 F.3d 151, 158 (4th

Cir. 1998) (citing *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976)); *see also id.* at 158 ("Therefore, because Wright does not allege a violation of any constitutional law or statute, his claim must fail unless he can demonstrate that the state court's actions resulted in a 'complete miscarriage of justice.'").[4]

Even if the court were to consider Plaintiff's claim, it has no merit, as the PCR court found from the bench. As stated above, the PCR court held as follows concerning this issue:

> All right. Well, I'm . . . on this matter of term, August 27, 2021, and Judge Knie had been granted jurisdiction by Court Administration by the Supreme Court to hold General Sessions, non-jury court, so that allegation is—denied. And for that reason—so she did properly exercise jurisdiction to hear this plea.

[ECF No. 20-1 at 88].

Plaintiff has offered no argument, no evidence, and no case law indicating that the PCR court was incorrect in its ruling from the bench or that this court has any authority to question the PCR court's ruling. *See, e.g.*, *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."); *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) (the Court "repeatedly has held that the state courts are the ultimate expositors of state law" in federal habeas proceedings).

---

[4] Plaintiff cannot show a complete miscarriage of justice on this record.

16

To the extent Petitioner is arguing that he is actually innocent of the crimes committed, he has provided no evidence or persuasive argument in support of this claim and the record shows he pled guilty and admitted his guilt before the plea judge. Petitioner has not established actual innocence on this record. *See, e.g., Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (holding that "[t]he miscarriage of justice exception is concerned with actual as compared to legal innocence," and "'[t]o be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial. Given the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected.") (citations omitted)).[5]

Accordingly, the undersigned recommends the district judge grant Respondent's motion for summary judgment.

III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the court grant Respondent's motion for summary judgment [ECF No. 21] and dismiss the petition with prejudice.

---

[5] Similarly, the court rejects Plaintiff's unsupported argument that he was not provided a "proper defense" and that his attorney "worked with my family to coerce me into a plea, due to the 'research' device in my skull that I'm being mentally and physically tortured with—check my medical records from birth please." [ECF No. 24 at 2].

IT IS SO RECOMMENDED.

June 17, 2025  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).