IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Matthew Tyler Blackwell,<br><br>　　　　Petitioner,<br>　v.<br><br>Warden of Lee Correctional Institution,<br><br>　　　　Respondent. | Case No. 1:24-cv-7307-RMG<br><br><br>**ORDER** |

　　　　This matter is before the Court on the Report and Recommendation (R&R) of the Magistrate Judge (Dkt. No. 26) recommending that the Court grant summary judgment for Respondent and dismiss the Petition for a writ of habeas corpus. Petitioner filed no response to the R&R.

**I.   Background**

　　　　Petitioner entered into a plea agreement in the Spartanburg County Court of General Sessions to two counts of Attempted Murder, trafficking in methamphetamine, and possession of a weapon in a violent crime and was sentenced on August 22, 2021 to concurrent sentences totaling 38 years. Petitioner filed a petition for Post Conviction Relief (PCR), which was denied by the circuit court and South Carolina Court of Appeals. During the circuit court PCR hearing, Petitioner asserted that the state judge who sentenced him did not have jurisdiction over the case. This claim was specifically rejected during the PCR hearing by the presiding Judge, Brian M. Gibbons, who stated that the sentencing judge was acting during a special nonjury term of court granted by the South Carolina Supreme Court. (Dkt. No. 20-1 at 90).

　　　　Petitioner thereafter filed this petition pursuant to 28 U.S.C. § 2254, again arguing that the sentencing court in his state proceeding lacked jurisdiction at the time the sentence was imposed. The Magistrate Judge, which was referred all pretrial proceedings in this matter, issued a R&R

1

recommending that the Court grant Respondent's motion for summary judgment because federal courts have no jurisdiction to hear state court jurisdictional matters on federal habeas review and, even if there was federal jurisdiction over the claim, Petitioner's claim has no merit and was ruled upon at the state PCR hearing. (Dkt. No. 26 at 16-17).

## II. Legal Standard

### A. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

### B. Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in

favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

C. **Habeas Corpus**

Claims adjudicated on the merits in a state court proceeding cannot be the basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). Section 2254(d) codifies the view that habeas corpus is a "'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)); *see*

*also White*, 134 S. Ct. at 1702 (stating that "'[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement'") (quoting *Harrington*, 562 U.S. at 103).

Therefore, when reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000); *see also White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) (describing an "unreasonable application" as "objectively unreasonable, not merely wrong" and providing that "even clear error will not suffice") (internal quotation marks and citation omitted). Moreover, review of a state court decision does not require an opinion from the state court explaining its reasoning. *See Harrington* at 98 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. *Id.* Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. *Id.* at 102. The state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### III.  Discussion

The Magistrate Judge ably summarized the factual and legal issues involved in Petitioner's § 2254 petition in the R&R and correctly concluded that Respondent was entitled to summary judgment on both jurisdictional grounds and on the merits. Consequently, the Court grants Respondent's motion for summary judgment (Dkt. No. 21), adopts the R&R (Dkt. No. 26) as the Order of the Court and dismisses the petition with prejudice.

### IV.  Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). An incarcerated person satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

### V.  Conclusion

Based on the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 26) as the Order of the Court, **GRANTS** Respondent's motion for summary judgment (Dkt. No. 21), **DISMISSES** the petition with prejudice, and **DENIES** a certificate of appealability.

**AND IT IS SO ORDERED.**

                                                                                                               s/ Richard M. Gergel
                                                                                                               Richard Mark Gergel
                                                                                                               United States District Judge

July 8, 2025
Charleston, South Carolina